786 So.2d 1262 (2001)
David HEDDON, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D00-4750.
District Court of Appeal of Florida, Second District.
June 15, 2001.
Eric K. Allen and A. William Bailey, III of Allen & Bailey, P.A., Bartow, for Petitioner.
*1263 Robert A. Butterworth, Attorney General, Tallahassee, and Wendy Buffington, Assistant Attorney General, Tampa, for Respondent.
NORTHCUTT, Judge.
David Heddon's petition for a writ of certiorari challenges the circuit court's refusal to quash a subpoena which requires Heddon's attorney to produce a document to the State. We conclude that the order denying Heddon's motion to quash departed from the essential requirements of law, and we grant the writ.
After Heddon left his job at West World Telecommunications Systems, Inc., a principal of West World complained to the state attorney that Heddon was misappropriating the company's trade secrets. The State began investigating Heddon for a violation of section 812.081, Florida Statutes (1999). In conjunction with its investigation, the State subpoenaed numerous records from Heddon's corporation, which he provided. The State then served an investigative subpoena on Stephen Artman, Heddon's former lawyer, requiring Artman to "provide all documents including vendor/customer list(s) of West World... in your possession that were obtained from David Heddon." Artman acknowledged that Heddon consulted him for legal advice and that he possessed a file concerning this previous representation, but he asserted the attorney-client privilege as to the file's contents. Nevertheless, the circuit court denied the attorney's motion to quash the subpoena.
Heddon argues that if he were in possession of any such list he could not be compelled to furnish it in violation of his Fifth Amendment privilege against self-incrimination. Further, he maintains, the attorney-client privilege protects any such documents he may have given to his attorney. In Fisher v. United States, 425 U.S. 391, 402-405, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), the Court held that if a document in the hands of the client is unobtainable by subpoena, and the client transfers the document to his attorney for the purpose of obtaining legal advice, the document can not be obtained by subpoena from the attorney by reason of the attorney-client privilege. As in this case, the clients in Fisher contended that the Fifth Amendment barred enforcement of a subpoena for the documents in their hands.
The Fisher Court noted that the Fifth Amendment does not shield every kind of incriminating evidence; rather, it only precludes forcing an accused to produce incriminating testimonial communications. Id. at 408, 96 S.Ct. 1569. The Court further observed that the very act of producing a subpoenaed document can have a testimonial aspect apart from the content of the document itself. Compliance with the subpoena concedes the existence of the document and the fact that the accused possesses or controls it. Id. at 410, 96 S.Ct. 1569. See also United States v. Doe, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984) (approving Fifth Amendment privilege against compelled production of documents when the act of producing the documents involved testimonial self-incrimination).
We applied these principles in Briggs v. Salcines, 392 So.2d 263 (Fla. 2d DCA 1980), in which we issued a writ of certiorari commanding the circuit court to quash a subpoena requiring production of testimonial evidence. In that case, the state attorney was investigating whether certain audio tapes were recorded in violation of Florida law. Mr. Joseph, who supposedly made the tapes, had given them to his attorney in the course of receiving legal advice. The State issued a subpoena requiring the attorney to produce the tapes. We determined that if the tapes were in *1264 Joseph's hands, forced production of them would amount to a compelled incriminating testimonial communication because his possession of the tapes would implicate him in their making, a potential violation of the law. Relying on both Fisher and section 90.502, Florida Statutes, we held that because the tapes were entitled to Fifth Amendment protection in the hands of the client, the attorney-client privilege also protected them in the hands of the attorney.
Such is the case here. The state attorney is investigating Heddon for a violation of Florida's Trade Secrets Act. A trade secret includes a list of customers. § 812.081(1)(c), Fla. Stat. (1999). The statute further provides:
Any person who, with intent to deprive or withhold from the owner thereof the control of a trade secret, or with an intent to appropriate a trade secret to his or her own use or to the use of another, steals or embezzles an article representing a trade secret or without authority makes or causes to be made a copy of an article representing a trade secret is guilty of a felony of the third degree....
§ 812.081(2). Thus, Heddon's possession of an original customer list of West World, or a copy of such a list, would tend to incriminate him. Further, production of such a document would be testimonial, in that it would concede the existence of the list and Heddon's possession of it. Accordingly, the Fifth Amendment would prohibit forcing Heddon to produce any such document, and the attorney-client privilege shields any such document Heddon gave his attorney in the course of seeking legal advice.
We issue a writ of certiorari and direct the circuit court to quash the State's subpoena.
THREADGILL, A.C.J., and CAMPBELL, MONTEREY (Senior) Judge, Concur.